QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Nelson (Illinois State Bar No. 6209623;
   *pro hac vice* application forthcoming)
   davidnelson@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
   Chicago, Illinois 60606
   Telephone: (312) 705-7400
   Facsimile: (312) 705-7401
Sean S. Pak (Bar No. 219032)
   seanpak@quinnemanuel.com
Andrew M. Holmes (Bar No. 260475)
   drewholmes@quinnemanuel.com
   50 California Street, 22nd Floor
   San Francisco, California 94111
   Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
Tigran Guledjian (Bar No. 207613)
   tigranguledjian@quinnemanuel.com
Jordan B. Kaericher (Bar No. 265953)
   jordankaericher@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

*Attorneys for Fortinet, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSKOPE, INC.,<br><br>              Plaintiff,<br><br>      vs.<br><br>FORTINET, INC.,<br><br>              Defendant. | Case No. 3:22-cv-01852-JSC<br><br>**FORTINET, INC.'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        July 14, 2022<br>Time:       9:00 a.m.<br>Place:      450 Golden Gate Avenue, San Francisco, California 94102<br>Judge:      Hon. Jacqueline Scott Corley<br>Courtroom: 8 |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on July 14, 2022, at 9 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Judge Jacqueline S. Corley, Defendant Fortinet, Inc. ("Fortinet") will, and hereby does, bring this Motion to Dismiss the Complaint for Failure to State a Claim.

**STATEMENT OF REQUESTED RELIEF**

Fortinet seeks an order dismissing the "Complaint for Declaratory Judgment of Non-Infringement U.S. Patent Nos. 10,237,282, 9,225,734, 11,032,301, 10,826,941, 8,793,151, and 9,197,601" filed by Plaintiff Netskope, Inc. ("Netskope") on the ground that its barebones and conclusory allegations fail to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

DATED:  June 7, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/Andrew M. Holmes*
Andrew M. Holmes
*Attorneys for Fortinet, Inc.*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

STATEMENT OF ISSUE TO BE DECIDED............................................................................1

PRELIMINARY STATEMENT ..................................................................................................1

THE COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS ............................................2

ARGUMENT.................................................................................................................................4

I.    THE COMPLAINT MUST BE DISMISSED BECAUSE ITS BALD ASSERTIONS
      THAT NETSKOPE DOES NOT INFRINGE THE PATENTS-IN-SUIT FAIL TO
      STATE A CLAIM...............................................................................................................4

      A.    The *Iqbal/Twombly* Pleading Standard Applies to Netskope's Complaint for
            Declaratory Judgement of Non-Infringement............................................................4

      B.    Netskope's Complaint Fails to Allege Sufficient Facts to State a Claim Under
            the *Iqbal/Twombly* Pleading Standard Because It Does Not Identify a Single
            Limitation of Any Claim of the Patents-in-Suit that Netskope Alleges Is Not
            Met by a Specific Product and Because It Does Not Explain *Why* that
            Limitation Is Not Met...............................................................................................6

CONCLUSION .............................................................................................................................8

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**Cases**

4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................4, 5, 6, 8

5

*Balistreri v. Pacifica Police Dep't.*,
901 F.2d 696 (9th Cir. 1988)............................................................................ 4

6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................4, 5, 6, 8

7

8

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
319 F.R.D. 269 (N.D. Cal. 2017)..................................................................5, 6, 8

9

*Conservation Force v. Salazar*,
646 F.3d 1240 (9th Cir. 2011) ......................................................................... 4

10

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ........................................................................... 4

11

*Datatern*,
755 F.3d at 905 ................................................................................................. 7

12

13

*Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*,
No. 1:14-cv-01503-SAB, 2014 WL 7178210 (E.D. Cal. Dec. 16, 2014).........5, 6, 7

14

*e.Digital Corp. v. iBaby Labs, Inc.*,
No. 15-cv-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ............. 5

15

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ....................................................................5, 6

16

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ......................................................................... 4

17

*PageMelding, Inc. v. ESPN, Inc.*,
No. C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012)..............5, 6, 7

18

19

*RAH Color Techs. LLC v. Ricoh USA Inc.*,
194 F. Supp. 3d 346 (E.D. Pa. 2016)............................................................5, 6, 7

20

*Scripps Research Inst. v. Illumina, Inc.*,
No. 16-cv-661 JLS-BGS, 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ......... 5

21

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........................................................................... 4

22

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016) ................5, 6

23

24

*The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*,
No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874 (D. Utah Oct. 12, 2016)....5, 6, 7

25

*TSMC Tech., Inc. v. Zond, LLC*,
No. 14-721-LPS-CJB, 2015 WL 661364 (D. Del. Feb. 13, 2015).................... 6

26

*Windy City Innovations, LLC v. Microsoft Corp.*,
193 F. Supp. 3d 1109 (N.D. Cal. 2016) ........................................................... 5

27

**Statutory Authorities**

28

35 U.S.C. § 271(c) (2012)........................................................................................ 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rules and Regulations**

Fed. R. Civ. P. 84 ................................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 4

FORTINET'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF ISSUE TO BE DECIDED

This motion presents the following issue for decision:

1.      Should Netskope's complaint be dismissed for failure to state a claim where Netskope has failed to plead factual allegations that would give rise to a plausible claim for a declaration of non-infringement, such as a specific claim limitation that is not met by Netskope's products and the reason it is not met, and instead has pleaded only the ultimate conclusions of non-infringement that it asks the Court to draw?

### PRELIMINARY STATEMENT

Fortinet respectfully requests that Netskope's complaint for a declaratory judgment of non-infringement of six Fortinet patents be dismissed because Netskope fails to meet the pleading requirements for a non-infringement claim.

Netskope's complaint misrepresents the parties and their interactions leading up to the filing of this action.  Fortinet was founded in 2000 with a mission to innovate, develop, and provide deep cybersecurity protection technology for business customers.[1]  Fortinet's focus on building the best security products has resulted in Fortinet's operating success over the past twenty years, with its employees, customers, and sales steadily growing.  Over the years, Fortinet has shipped over 8.4 million units of its security products to over 500,000 customers.  This success is based on a foundation of innovation and technological excellence.  Fortinet was recognized by Gartner (the same publication also cited in Netskope's complaint, *id.* ¶¶ 31-33) as a "LEADER" in two "Magic Quadrant" categories (network firewalls and WAN edge infrastructure); further praised in four additional categories (web application and API protection; SIEM; wired and WLAN; and endpoint protection platforms); and an honorable mention in two more categories (secure web gateway and indoor location services).  Fortinet's innovation is further demonstrated by its portfolio of over 1,200 issued patents, including more than 900 U.S. patents.  Moreover, Fortinet's innovation extends to cloud-based security products.  For example, Fortinet's virtual machine ("VM") FortiGate has been a staple of cloud

---

[1]  *See, e.g.*, https://www.fortinet.com/content/dam/fortinet/assets/brochures/FortinetBroch.pdf.

1   deployments since Fortinet's early days, and Fortinet has been issued numerous patents on cloud-

2   based technologies.

3          Netskope similarly mischaracterizes the parties' interactions.  Fortinet patiently negotiated

4   with Netskope for many months in an effort to reach a reasonable business solution and avoid

5   litigation.  In contrast, Netskope engaged in a protracted series of delay tactics.  And when those delay

6   tactics no longer served Netskope's purpose, it rushed to the courthouse with a facially deficient

7   complaint that is long on factual misstatements and mischaracterizations, but devoid of any substance

8   that would reflect a reasonable prefiling investigation of Netskope's alleged non-infringement.

9          Netskope's allegations of non-infringement are plainly inadequate because they plead only the

10  conclusory allegation of the ultimate conclusion that they seek: "Netskope does not infringe, nor has it

11  infringed, any claim of the Patents-in-Suit." Compl., ¶ 208; *see also* ¶¶ 226-228, 236-238, 246-248,

12  256-258, 266-268, 276-278.  Although Netskope's complaint speculates as to certain categories of

13  products it believes may be accused of infringement (without pleading that those products have ever

14  actually been accused of infringement), merely identifying a category of products and a patent and

15  alleging that the products do not infringe the patent is insufficient to state a claim for a declaratory

16  judgment of non-infringement.  Rather, the plaintiff must identify and explain—***at absolute bare***

17  ***minimum***—why at least one specific limitation is not practiced by the accused product or its use.

18  Netskope has not identified even a single limitation of any claim that it contends is not practiced by its

19  products or their use, much less alleged why the limitation is not met.  Accordingly, Netskope's

20  complaint should be dismissed.

21                    **THE COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS**

22          On March 24, 2022, Netskope filed this declaratory judgment action against Fortinet, seeking

23  declarations that "Netskope does not directly or indirectly infringe, nor has it directly or indirectly

24  infringed, any claim" of six patents, each of which is assigned to Fortinet (the "Patents-in-Suit").

25  Compl. ¶¶ 231, 241, 251, 261, 271, 281.  The complaint is replete with factual misstatements and

26  mischaracterizations regarding the parties and their interactions before the filing of this action, and

27  Fortinet reserves the right to address those misstatements and mischaracterizations at the appropriate

28  time.  However, for purposes of the present motion, the complaint alleges in relevant part that:

- "On October 22, 2021, Fortinet sent Netskope a letter accusing Netskope of infringing three Fortinet patents: U.S. Patent Nos. 10,237,282; 9,225,734; and 11,032,301." *Id.* ¶ 48.

- On February 7, 2022, Fortinet "accused Netskope of infringing three more patents (U.S. Patent Nos. 10,826,941; 8,793,151; 9,197,601)." *Id.* ¶ 117.

- On March 24, 2022, Netskope informed Fortinet that "Netskope had decided to file [this] declaratory judgment action of noninfringement." *Id.* ¶ 199.

Importantly, and dispositive with respect to the relief sought by this motion, the complaint does ***not*** allege:

- Any specific limitation of any specific claims of any of the six Patents-in-Suit that is not practiced by any of Netskope's products or their use; or

- How or why Netskope's products do not practice any specific limitation of any specific claim of any of the six Patents-in-Suit.

Indeed, the only allegations set forth in the complaint, with respect to non-infringement of each of the six patents, are the following conclusory statements:

"Netskope does not infringe any claim of the [at issue] Patent."
Compl., ¶¶ 226, 236, 246, 256, 266, 276;

"Netskope and its products have not and do not directly or indirectly infringe any claim of the [at issue] Patent."
Compl., ¶¶ 227, 237, 247, 257, 267, 277; and

"Netskope and its products have not and do not infringe any claim of the [at issue] Patent literally or under the doctrine of equivalents."
Compl., ¶¶ 228, 238, 248, 258, 268, 278.

These conclusory allegations are legally insufficient to state a claim for declaratory judgment of non-infringement.

1

**ARGUMENT**

2

**I.     THE COMPLAINT MUST BE DISMISSED BECAUSE ITS BALD ASSERTIONS THAT NETSKOPE DOES NOT INFRINGE THE PATENTS-IN-SUIT FAIL TO STATE A CLAIM.**

3

4

     **A.     The *Iqbal/Twombly* Pleading Standard Applies to Netskope's Complaint for Declaratory Judgement of Non-Infringement.**

5

6

     To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a

7

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

8

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see*

9

*also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint fails to state a claim when

10

there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a

11

cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)

12

(quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)).  Although a court

13

must accept as true all well-pleaded allegations of material fact in the complaint, *Daniels-Hall v. Nat'l*

14

*Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), it is not required to credit "allegations that are merely

15

conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.*

16

*Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979,

17

988 (9th Cir. 2001)); *Iqbal*, 556 U.S. at 681 (bare assertions that amount to nothing more than a

18

"formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed

19

true").  If the facts alleged do not support a reasonable inference of liability, the claim must be

20

dismissed.  *See Iqbal*, 556 U.S. at 678-79.

21

     To plead a direct infringement claim that passes muster under *Iqbal* and *Twombly*, a plaintiff

22

must allege facts indicating how the defendant's accused products practice each of the limitations

23

found in at least one asserted claim.  *See, e.g., e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-

24

JST, 2016 WL 4427209, at *3-4 (N.D. Cal. Aug. 22, 2016) (dismissing direct infringement claim

25

where plaintiff failed to allege facts showing that the accused products practiced *all* limitations of an

26

exemplary asserted claim); *Scripps Research Inst. v. Illumina, Inc.*, No. 16-cv-661 JLS-BGS, 2016

27

WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016) (dismissing infringement claim where allegations did

28

not explain how the accused product met the claim limitations).

-4-

A claim for declaratory relief of non-infringement is essentially the "mirror image" of an infringement claim, *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017), and courts have accordingly held declaratory judgment plaintiffs (and counterclaimants) to the same pleading standard. *See, e.g., id.*; *The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, at *5 (D. Utah Oct. 12, 2016); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *5 (D. Or. May 2, 2016); *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 352 (E.D. Pa. 2016); *Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*, No. 1:14-cv-01503-SAB, 2014 WL 7178210, at *3-4 (E.D. Cal. Dec. 16, 2014); *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012). Thus, to meet the *Iqbal/Twombly* pleading standard, a complaint for declaratory judgment of non-infringement "should include specific factual allegations about how [the plaintiff's] products do not infringe [the defendant's] patents rather than a single conclusory statement that '[the plaintiff's] Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents.'" *The Beer Barrel*, 2016 WL 5936874, at *5.[2]

The *Iqbal/Twombly* standard also applies to claims seeking a declaratory judgment of no indirect infringement, including induced and contributory infringement. *See, e.g., PageMelding*, 2012 WL 3877686, at *2-3 (citing *In re Bill of Lading*, 681 F.3d at 1336); *TSMC Tech., Inc. v. Zond, LLC*, No. 14-721-LPS-CJB, 2015 WL 661364, at *6 n.11 (D. Del. Feb. 13, 2015) (citations omitted).

---

[2]   Prior to December 1, 2015, Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure governed the pleading standard for both direct infringement claims and claims for declaratory judgment of no direct infringement. *See, e.g., In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334-36 (Fed. Cir. 2012). With the Supreme Court's abrogation of Rule 84 of the Federal Rules of Civil Procedure (which had endorsed the Appendix of Forms), courts now overwhelmingly apply the *Iqbal/Twombly* pleading standard to both direct infringement claims and claims for declaratory judgment of no direct infringement. *See, e.g., e.Digital Corp.*, 2016 WL 4427209, at *2-3; *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1114 (N.D. Cal. 2016); *The Beer Barrel*, 2016 WL 5936874, at *5; *Tannerite Sports*, 2016 WL 1737740, at *5; *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d. at 352-53.

**B.** **Netskope's Complaint Fails to Allege Sufficient Facts to State a Claim Under the _Iqbal/Twombly_ Pleading Standard Because It Does Not Identify a Single Limitation of Any Claim of the Patents-in-Suit that Netskope Alleges Is Not Met by a Specific Product and Because It Does Not Explain _Why_ that Limitation Is Not Met.**

Netskope's complaint fails to state a claim for a declaratory judgment of non-infringement because, with respect to non-infringement, it merely recites the bald assertion that "Netskope and its products have not and do not directly or indirectly infringe any claim of [the Patents-in-Suit]." Compl. ¶¶ 227, 237, 247, 257, 267, 277. Although the complaint speculates that certain categories of Netskope's products may be accused of infringement, _e.g._, _id._ ¶¶ 225, 235, 245, 255, 265, 275, the complaint does not identify a single limitation of a single claim that Netskope alleges is not met by a specific product (or even its products more generally) or the use of any of its products, much less explain <u>why</u> that limitation is not met by any of its products or their use. Indeed, Netskope's complaint does not give even the slightest hint of Netskope's non-infringement theories. _See id._; _see also_ ¶¶ 226-228, 236-238, 246-248, 256-258, 266-268, 276-278 (all allegations relating to non-infringement and all lacking any explanation as to why or how there is no infringement). Because these allegations do not reasonably support an inference of non-infringement, the complaint must be dismissed. _See Iqbal_, 556 U.S. at 678-79; _Deerpoint_, 2014 WL 7178210, at *4 ("Conclusory statements and recitation of the elements of a claim are not sufficient to state a cognizable claim." (citing _Iqbal_, 556 U.S. at 678)).

Courts have consistently dismissed claims for declaratory judgment of non-infringement based on allegations that are substantively identical to, and even considerably more substantive, than the allegations in Netskope's complaint. _See, e.g._, _Comcast Cable_, 319 F.R.D. at 272-73 (allegations identifying the accused services and limitations they did not meet were insufficient to state a plausible claim for relief because "it is impossible to infer . . . even a general idea of what the [accused] services are, much less how they fail to meet the [cited] limitation[s]"); _RAH Color Techs. LLC v. Ricoh USA Inc._, 194 F. Supp. 3d at 351-53 (allegations that defendant "has not infringed and does not infringe, either directly, indirectly, contributor[il]y, or by inducement, any valid and enforceable claim of the [asserted] patent either literally or under the doctrine of equivalents, willfully, or otherwise" were insufficient to plead a counterclaim for declaratory judgment of non-infringement); _The Beer Barrel_,

1    2016 WL 5936874, at *5 (description of the plaintiff's products and a conclusory allegation that they

2    did not infringe any of the defendant's patents insufficient to state a claim); *Deerpoint*, 2014 WL

3    7178210, at *4 (allegations reciting sixteen "reasons" to find no infringement or invalidate the

4    patent—*e.g.*, "as shown by the file wrappers, . . . [patentee] is estopped from claiming that the patents

5    cover or include any apparatus or device or product or method manufactured, used, or sold by [the

6    declaratory judgment plaintiff]"—were simply "conclusory statements with no supporting factual

7    allegations" and insufficient to state a plausible claim for relief).

8           Netskope's complaint similarly falls short of stating a claim for indirect infringement because

9    it fails to allege facts that, if true, would establish that it did not indirectly infringe.  *See, e.g.*,

10   *PageMelding*, 2012 WL 3877686, at *3 (no claim stated for indirect non-infringement because "ESPN

11   has not alleged any facts, that if true, would lead to a reasonable inference that it did not intend

12   another party to infringe the patent-at-issue."); *In re RAH Color Techs. LLC Patent Litig.*, 2019 WL

13   2342191, at *6 (observing that "a supplier suing for declaratory of no induced infringement" could

14   plead its claim "by providing [patentee-prepared] claim charts that allege direct infringement by the

15   supplier's customer and that cite to supplier-provided 'user guides and documentation for each claim

16   element'" (quoting *Datatern*, 755 F.3d at 905)); *see also DataTern*, 755 F.3d at 906 (patentee-

17   supplied claim charts insufficient to create actual controversy regarding contributory infringement

18   because, "[f]or example, they do not imply or suggest that [the supplier's product] is not 'a staple

19   article or commodity of commerce suitable for substantial non-infringing use,'" as would be required

20   for patentee to plead claim of contributory infringement against supplier) (citing 35 U.S.C. § 271(c)

21   (2012)).  Although Netskope need not ***admit*** these additional elements of indirect infringement, it

22   must plead some factual basis to suggest that Fortinet contends these elements are met.  Netskope has

23   not done so.  *See, e.g.*, ¶¶ 227, 237, 247, 257, 267, 277 ("Netskope and its products have not and do

24   not directly or indirectly infringe any claim of the [at issue] Patent.").

25          Completely devoid of ***any*** factual allegations explaining what Netskope's products are and

26   why they do not practice even a single limitation of the claims of the Asserted Patents, Netskope's

27   complaint relies solely on conclusory allegations that it is entitled to a declaratory judgment of non-

28   infringement because it does not infringe Fortinet's patents.  For each of the six patents for which

-7-

FORTINET'S MOTION TO DISMISS

Netskope seeks a declaration of non-infringement, the entirety of Netskope's allegations consist of the following conclusory statements:

- "Netskope does not infringe any claim of the [at issue] Patent."
  Compl., ¶¶ 226, 236, 246, 256, 266, 276.

- "Netskope and its products have not and do not directly or indirectly infringe any claim of the [at issue] Patent."
  Compl., ¶¶ 227, 237, 247, 257, 267, 277.

- "Netskope and its products have not and do not infringe any claim of the [at issue] Patent literally or under the doctrine of equivalents."
  Compl., ¶¶ 228, 238, 248, 258, 268, 278.

These allegations plainly fail to plead a plausible non-infringement claim under *Iqbal* and *Twombly*. *See, e.g.*, *Comcast Cable*, 319 F.R.D. at 274 ("The simple fact is that Comcast knows how its own products and services work and can easily show in its pleadings how, specifically, a single claim limitation is absent from each accused product or service. It must comply fully with the requirements of *Twombly/Iqbal* as to all counts[.]"). Netskope's complaint should be dismissed on the ground that it fails to state a claim.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Fortinet respectfully submits that the Court should dismiss Netskope's complaint in its entirety.

1    DATED:  June 7, 2022

                          Respectfully submitted,

2                                  QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4                              By: */s/Andrew M. Holmes*
5                                   QUINN EMANUEL URQUHART & SULLIVAN, LLP
6                                   David A. Nelson (Illinois State Bar No. 6209623;
7                                     *pro hac vice* application forthcoming)
                                    davidnelson@quinnemanuel.com
8                                     191 N. Wacker Drive, Suite 2700
                                    Chicago, Illinois 60606
9                                     Telephone:  (312) 705-7400
10                                   Facsimile:  (312) 705-7401
                                 Sean S. Pak (Bar No. 219032)
11                                   seanpak@quinnemanuel.com
                                 Andrew M. Holmes (Bar No. 260475)
12                                   drewholmes@quinnemanuel.com
                                 50 California Street, 22nd Floor
13                                   San Francisco, California 94111
                                 Telephone:  (415) 875-6600
14                                   Facsimile:  (415) 875-6700
                                 Tigran Guledjian (Bar No. 207613)
15                                   tigranguledjian@quinnemanuel.com
                                 Jordan B. Kaericher (Bar No. 265953)
16                                   jordankaericher@quinnemanuel.com
                                 865 South Figueroa Street, 10th Floor
17                                   Los Angeles, California 90017-2543
                                 Telephone:  (213) 443-3000
                               Facsimile:  (213) 443-3100

18                                  *Attorneys for Fortinet, Inc.*

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, San Francisco Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/Andrew M. Holmes*

-10-