UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSKOPE, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>FORTINET, INC.,<br><br>        Defendant. | Case No.  22-cv-01852-TLT (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 209 |

      Netskope requested production of certain emails sent or received by John Whittle, a Fortinet executive who has held both business and legal counsel roles.  Netskope seeks discovery into Whittle's internal communications pertaining to the patents at issue in this case, pre-litigation licensing negotiations with Netskope, and negotiations with other companies. Netskope asserts that these communications are relevant to Netskope's affirmative defenses (such as unclean hands) and to the value of the patents.

      Fortinet has refused to produce the requested emails and instead offered to produce only emails sent externally regarding the relevant patents, Netskope, and the other companies.  The internal emails on those topics, Fortinet asserts, are either 1) privileged as attorney-client communications or attorney work product, because all of Whittle's communications on those topics are inherently legal advice, or 2) irrelevant.  Therefore, Fortinet asserts it would be unduly burdensome to produce the documents and create a privilege log.

      The Court finds that the communications Netskope seeks are likely relevant, under

the broad standard of relevance of Federal Rule of Civil Procedure 26. Whittle was the signatory on contractual agreements with other companies and was involved in pre-litigation negotiations with Netskope. It is plausible that his emails contain information relevant to, at least, Netskope's affirmative defenses. *See* Dkt. 180 at 2.[1]

However, even relevant communications may be withheld if they are privileged. "When a party withholds information otherwise discoverable by claiming that the information is privileged," the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed[.]" Fed. R. Civ. P. 26(b)(5)(A). This requirement is typically met through the production of a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed[.]" *Id.* 26(b)(5)(A)(ii); *see* AGT's Civil Standing Order § VII.D (listing privilege log requirements). Privilege logs must be specific: "blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). The party asserting the privilege bears the burden of establishing the privileged nature of the communication. *See United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).

Fortinet has not produced a privilege log but denies that it is asserting a blanket privilege. Instead, Fortinet contends that it would be overly burdensome to produce a privilege log because all or nearly all of Whittle's relevant communications are privileged. Therefore, Fortinet claims that "Netskope's broad request is not proportional to the needs of the case." Dkt. 209 at 6.

The Court is unpersuaded by Fortinet's arguments. First, though Whittle has worked

---

[1] Pagination, here and throughout, refers to ECF-generated page numbers.

2

as in-house counsel for Fortinet, it does not follow that his emails are automatically privileged. Privileges are an exception from the normally liberal discovery standard and must be strictly construed. *See Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). "[Attorney-client] privilege does not protect an attorney's business advice. Corporations may not conduct their business affairs in private simply by staffing a transaction with attorneys." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). It seems entirely possible that Whittle has emailed relevant, non-privileged business advice to colleagues at some point, particularly given his dual roles at Fortinet. Netskope need not take Fortinet's assertion to the contrary at face value—that is the purpose of a privilege log. By failing to produce a privilege log, Fortinet has effectively asserted a blanket privilege over all of Whittle's internal communications, without stating whether it is asserting attorney-client privilege or work product privilege (or both, or something else) over specific emails. This is improper.

Second, Fortinet asserts that producing the emails would be unduly burdensome, but this "effectively *is* a blanket privilege objection, since defendant's claim of burden rests on general assertions regarding the existence of privileged material." *Green v. Baca*, 219 F.R.D. 485, 491 (C.D. Cal. 2003) (emphasis in original). Further, Fortinet has not quantified this potential burden by providing, for example, hit counts to Netskope's proposed email search terms, despite Netskope's requests to do so. Thus, Fortinet's burden claims must fail. "Although it may be time-consuming to specifically assert the attorney-client or work product privilege in a document intensive litigation, the courts nevertheless clearly require such specific identification." *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991).

For these reasons, the Court ORDERS that Fortinet produce the requested emails by November 28, 2025. *See* Dkt. 208-10, Ex. J, at 20 (describing email search terms). The Court finds Netskope's proposed search terms are reasonable and proportionate in the absence of any specific proof of burden by Fortinet. If Fortinet asserts privilege over any of the emails, it must produce a privilege log in compliance with the undersigned's standing order.

**IT IS SO ORDERED.**

Dated: November 14, 2025

_____
Alex G. Tse
United States Magistrate Judge