UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSKOPE, INC., | Case No.  22-cv-01852-TLT (AGT) |
|         Plaintiff, | |
| v. | **ORDER ON MOTION FOR LEAVE TO SEEK RECONSIDERATION** |
| FORTINET, INC., | Re: Dkt. No. 268 |
|         Defendant. | |

On January 26, 2026, the Court denied four of Netskope's administrative motions to consider whether another party's material should be sealed. Dkt. 267. The Court denied the motions because Fortinet, the designating party, didn't file a statement in support of sealing, as required by Civil Local Rule 79-5(f)(3).

On January 27, 2026, Fortinet moved for leave to file a motion for reconsideration. In its motion for leave, Fortinet acknowledges that it didn't timely file a statement in support of sealing but now offers such a statement. *See* Dkt. 268-1, Zivojnovic Decl. ¶¶ 5–8 (explaining that documents covered by the denied sealing motions reveal Fortinet's product strategy, the names of actual or potential customers, the size of potential deals, analysis of acquisition targets, third-party agreements, pre-suit settlement communications, and a privilege log listing Fortinet employee email addresses).

In the exercise of reasonable diligence, Fortinet could have filed the statement it now

offers weeks or months ago, in response to Netskope's administrative motions to consider whether Fortinet's material should be sealed. Fortinet's failure to submit the statement earlier was an oversight, which wouldn't ordinarily warrant reconsideration. *See* Civil L.R. 7-9. However, because many of the documents at issue are highly confidential and could competitively harm Fortinet if disclosed; and because Fortinet swiftly moved for reconsideration the day after the Court denied the sealing motions, the Court will reconsider its prior ruling. The Court, however, is unlikely to do so again if, in response to a future motion to seal, Fortinet does not file a statement in support of sealing.

The Court grants Fortinet's motion for leave, treats Fortinet's motion for leave as a motion for reconsideration, and reconsiders the ruling denying the administrative motions to consider whether another party's material should be sealed at dkts. 208, 237, 239, and 250.

*// //*

*// //*

Netskope, the party that filed the administrative motions, is no longer required to file unredacted public versions of the documents in question, with the exception that Netskope, by February 6, 2026, must file unredacted public versions of the documents marked in the chart below as "Withdrawn." Fortinet no longer seeks to seal those documents.

| Dkt. | Ex. Nos. | Document Contents |
|---|---|---|
| 208 | A, H, J | Withdrawn (to more narrowly tailor requested sealing request). |
| | B, C, K, L | Letters and emails between Fortinet and Netskope containing confidential information on pre-suit negotiations. |
| | D, E | Confidential agreements between Fortinet and third parties. |
| | I | Withdrawn (misidentified earlier) |
| 237 | A, E, F, G | Withdrawn (to more narrowly tailor requested sealing request). |
| | B | Internal Fortinet email communications containing highly confidential business, strategy, sales and/or product information. |
| 239 | B | Emails between Fortinet and Netskope containing confidential information on pre-suit negotiations. |
| | C, D, E, F | Internal Fortinet email communications containing highly confidential business, strategy, sales and/or product information, which is not otherwise publicly known. |
| 250 | B | Fortinet's privilege log containing dates, senders/recipients, and general subject matter of attorney-client communication and work product. |
| | C, D, E, F, G, H, I, J, K, L, M | Internal Fortinet email communications containing highly confidential business, strategy, sales and/or product information. |

Dkt. 268 at 3.

The Court vacates its January 26, 2026, order denying Netskope's administrative motions. Dkt. 267.

**IT IS SO ORDERED.**

Dated: January 30, 2026

Alex G. Tse
United States Magistrate Judge